In the Matter of EAST RIVER REALTY COMPANY, LLC, Respondent, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Appellant. [891 NYS2d 359]—

The BCP was enacted "to encourage persons to voluntarily remediate brownfield sites for reuse and redevelopment" (ECL 27-1403). "Brownfield site" is defined as "any real property, the redevelopment or reuse of which may be complicated by the presence or potential presence of a contaminant" (ECL 27-1405 [2]). A would-be participant in the program must submit a request that includes information "sufficient to allow the department to determine eligibility and the current, intended and reasonably anticipated future land use of the site" (ECL 27-1407 [1]). We reject respondent's argument that a property may be deemed ineligible for the program on the ground that it would have been remediated in any event (see Matter of Destiny USA Dev., LLC v New York State Dept. of Envtl. Conservation, 63 AD3d 1568, 1570 [2009] [rejecting respondent's reliance on extrastatutory "factors (that) effectively limit inclusion in the BCP to parcels of real property that, but for BCP participation, would remain undeveloped"]; Matter of HLP Props. LLC v New York State Dept. of Envtl. Conservation, 21 Misc 3d 658, 669 [2008] [rejecting respondent's use of "its own administratively-created and far more limiting guidelines to determine petitioners' ineligibility"]).

Given the extensive record before it, the court had sufficient evidence on which to base its determination that petitioner was eligible for inclusion in the BCP and therefore properly declined to remand the matter to respondent for additional consideration (see Matter of Pantelidis v New York City Bd. of Stds. & Appeals, 10 NY3d 846 [2008]; Destiny USA Dev., 63 AD3d at 1573).

Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Román, JJ. ▬▬▬▬▬▬▬▬▬▬▬▬